## (October 5, 1962)

■ In the Matter of QUEENS WINDSOR CORPORATION et al., Appellants, v. PUBLIC SERVICE COMMISSION et al., Respondents.— Appeal from an order of a Special Term, Supreme Court, Albany County. The court at Special Term has dismissed the petition in this proceeding to review orders of the Public Service Commission relating to the petitioners' right to conjunctional billing on the ground that petitioners do not allege they were customers of Consolidated Edison Company of New York, Inc., nor do they show in their petition "that they would be benefited" by a declaration that the cut-off date on conjunctional billing was improper. The analysis of the pleading at Special Term is entirely correct, and although the argument of the petitioners attempts to demonstrate their interest in the controversy, the petition shows no such interest. The course of procedure before the Public Service Commission in which the petitioners' complaint seems to have been considered and determined on its merits, and the possibility that there might be such a factual averment and showing made by petitioners in this proceeding as to place them in the same position as the nominal customer of Consolidated Edison leads us to conclude that petitioners should be permitted to replead if they are so advised. In view of the procedural course followed in this case and the grounds leading to dismissal of the petition at Special Term, we are unable to reach the merits of the question whether, even if petitioners are treated as having all the rights of the nominal customer of Consolidated Edison, any right to conjunctional billing ever accrued. (*Matter of First Sterling*

*Corp.* v. *Lundy,* 14 A D 2d 193, affd. 11 N Y 2d 836.) Order modified by permitting petitioners to replead; and as thus modified, affirmed, without costs. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.